UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
PREBLE-RISH HAITI, S.A.,           :
          :
               Plaintiff,    :
          :    22-cv-1046 (VSB)
      -against-      :
          :    **ORDER**
REPUBLIC OF HAITI, et al.,        :
          :
               Defendants.  :
          :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On March 17, 2022, I held a status conference at which Purported Garnishee Natixis, Purported Garnishee Central Bank of Haiti (together, "Purported Garnishees"), and Plaintiff Preble-Rish Haiti, S.A. ("Plaintiff") were present.  After hearing from the parties and reviewing the letters submitted to me in advance of the conference, I informed the parties that I would not issue the Writ of Process of Maritime Attachment and Garnishments.  I based this decision on the reasons stated on the record at the status conference, which included but were not limited to the reasons discussed below.

      First, I find that many of the disputed issues in this action were already litigated and resolved in two related actions before Judge P. Kevin Castel that involved the same or similar parties, *Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21-cv-9040 (PKC), and *Preble-Rish Haiti, S.A. v. Republic of Haiti, Bureau de Monétisation de Programmes d'Aide au Développement*, No. 21-cv-4960 (PKC).  In the first case, Judge Castel determined that Defendants did not maintain a bank account at Natixis and were not known clients of Natixis.  In the second case, Judge Castel granted the motion to intervene and vacated the previously issued

ex parte attachment of the Central Bank of Haiti's account on the grounds that the account is immune from attachment under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq*.  This case is currently on appeal and fully briefed before the Second Circuit.  *See Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21-CV-4960 (PKC), 2021 WL 4037860 (S.D.N.Y. Sept. 3, 2021).

Additionally, Plaintiff bases its application for a writ on a declaration that is not sworn under penalty of perjury.  (Doc. 9.)  The declaration is based solely on the declarant's purported knowledge of the market.  (*Id*.)  That limited showing is insufficient to overcome Judge Castel's previous decisions on the related issues in order to show that the Purported Garnishees are or were financing the transactions at issue or that the circumstances have changed since Judge Castel's decisions to make that showing.

For these reasons and the reasons stated on the record during the March 17, 2022 status conference, it is hereby:

ORDERED that Plaintiff's Application for Writ of Process of Maritime Attachment and Garnishments, (Doc. 4), and Plaintiff's Proposed Order Directing the Clerk to Issue Process of the Maritime Attachment and Garnishment and Appointing Process Server, (Doc. 7), will not issue.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 18, 2022
      New York, New York

                                  Vernon S. Broderick
                                  United States District Judge